THE PEOPLE
v.
SPRAKER.

THE PEOPLE *against* SPRAKER and YATES, impleaded with
EISENLORD.

According to
the true con-
struction of the
*act concerning
sheriffs and
their duty, &c*
(1 *N. R. L.*
418. *Sess.* 36.
*ch.* 67. *sect.* 6.)
if the sheriff
neglects to re-
turn an execu-
tion, the plain-
tiff in the exe-
cution, or par-
ty aggrieved by
such default, in
order to entitle
himself to have
the bond given
pursuant to the
act, for the
faithful perfor-
mance of the
office, put in
suit against the
sheriff and his
sureties, must
have previous-
ly recovered
judgment a-
gainst the she-
riff in an *action*
against him,
grounded *di-
rectly,* on such
default. It is
not enough
that the plain
tiff has pro-
ceeded by *at-
tachment* a-
gainst the she-
riff for his de-
fault in not re-
turning the ex-
ecution, and
that a judg-
ment has been
recovered, in
the name of the
*people,* against
the sheriff, on
the *recogni-
zance* given by
him for his ap-
pearance, on
the return of
the attachment.

DEBT on a bond executed by the defendant, the 14th
March, 1816, conditioned for the faithful execution of the
office of sheriff of the county of *Montgomery.* The defen-
dants, S. and Y. who were sureties for *E.,* craved oyer of the
bond and condition, and pleaded performance of the condi-
tion. The plaintiffs replied, stating that in *August* term,
1816, a writ of *fieri facias* issued out of this Court, on a
judgment recovered against *Thomas Conkling,* at the suit of
*Richard Marvin,* for 275 dollars and 43 cents, and was deli-
vered to *Eisenlord,* then sheriff of the county of *Montgomery,*
on the 23d *August,* 1816, to be executed in due form of
law; that after the return day of the execution, to wit, on
the 15th *March,* 1817, a rule of this Court was served on
the said sheriff, requiring him to return the said writ within
twenty days after service of the rule; and that the said she-
riff having wholly neglected to obey the rule, a writ of at-
tachment was, in *August* term, 1817, issued out of this Court
against him, directed to the coroner of the county of *Mont-
gomery,* returnable at the next *October* term; that the said
sheriff was duly attached by one of the coroners, who took
a recognizance for the appearance of the said sheriff, at
the return of the writ of attachment, according to the form
of the statute, &c. That the said sheriff did not appear at
the *October* term, according to the condition of his recog-
nizance, but made default, and the Court, therefore, ordered
the said recognizance to be delivered over, to be prosecu-
ted for the benefit of *Richard Marvin,* the plaintiff in the
execution; that the recognizance was accordingly deliver-
ed over, and a suit commenced thereon, in which such
proceedings were had, that in *May,* 1818, a judgment was
rendered upon the recognizance against the said *Eisenlord,*

For the statute is to be strictly construed, in favour of the *sureties,* who are not
to be held responsible beyond the very terms and scope of their undertaking.

for 500 dollars debt, and 42 dollars and 30 cents damages and costs; upon which judgment a writ of *fieri facias* was issued, returnable at the next *August* term, and which was returned *nulla bona*, and the said judgment remains unsatisfied; that in *January* term, 1819, the Court, according to the provisions of the statute in such case made and provided, ordered the said bond, in the said declaration mentioned, to be put in suit against the defendants, concluding with a verification, and praying judgment, &c.

To this replication the defendants demurred, and the plaintiff joined in demurrer.

*Cady*, in support of the demurrer. 1. The second section of the *act concerning sheriffs and their duty, &c.* (1 *N. R. L.* 418. *Sess.* 36. *ch.* 67.) requires persons who are appointed sheriffs to give a bond to the people, with two sureties, for the faithful performance of the duties of their office. The sixth section declares: " That in case of any recovery, by any party aggrieved, against any sheriff, for any default or misconduct in his office, it shall be lawful for the Justices of the Supreme Court, on motion in open Court, to order the bond so given by such sheriff to be put in suit against such sheriff or his sureties," &c. and when judgment is obtained on the bond, the Court are required, on motion for that purpose, to direct so much money to be levied thereon, as shall be sufficient to pay the party the debt or damages so recovered with costs, and to be paid to such party aggrieved. Now, the plaintiffs, in their replication, have not shown what has been recovered by any party aggrieved, against the sheriff, for any default or misconduct in office, while the defendants were responsible for his conduct. The plaintiff, *Marvin*, instead of bringing an action against the sheriff for his default, has thought proper to proceed by attachment; and the recognizance taken thereon for his appearance having been forfeited, a judgment has been obtained, in the name of the people, for the amount of the recognizance. The attempt now is to make the defendants, who are sureties, liable for the amount of the judgment recovered on the recognizance: whereas if the plaintiff *M.* had sued the sheriff for his default, and then this bond had been prosecu-

UTICA,     ted for his benefit, he would be entitled to levy no more
October, 1820. than his original debt and the costs.

THE PEOPLE      The judgment stated in the replication was not recover-
v.
SPRAKER.   ed against *J. E.* as sheriff, for any default or misconduct in
his office, but for the non-performance of the condition of a
recognizance which he had entered into before the coro-
ner, to appear on the return of the attachment. The de-
fendants were not sureties that the sheriff should fulfil the
condition of every recognizance he might enter into. The
plaintiff is entitled to no more than the damages which he
has sustained by the default of the sheriff, in not returning
the execution. If the plaintiff in the execution had sued
the sheriff for the default, the damages would have been as-
certained, and the sureties would have known for what they
were responsible. An action on the case lies against a she-
riff for negligence in not returning a writ. (1 *Comyn's Dig.*
291. *Action on the Case for Negligence*, A. 2.)

*Conkling*, contra. 1. It is now too late to object to the
nature of the recovery against the sheriff, *E.* The objection
should have been raised when the motion was made for
leave to put the bond in suit.

2. But, admitting that the defendants are in season to
raise the objection, the broad question is, whether, if the
sheriff is proceeded against for his default in not returning a
writ, in the ordinary mode, by attachment, and suit on his
recognizance, the sureties are liable for the amount recover-
ed against him? The right determination of this question
must depend on the true construction of the statute. The
object of the legislature, undoubtedly, was to provide ample
security for the faithful performance of the duties of
a sheriff, and to give to the party aggrieved by his neg-
lect of duty, an adequate and efficient remedy. But it is
said that the act prescribes the mode in which the remedy
is to be pursued; and that a previous recovery in an action
on the case against the sheriff, is requisite to entitle the
party aggrieved to sue on the bond. The act certainly
does not, in terms, specify in what manner this previous re-
covery is to be obtained. We are, therefore, in this case,
as in all others, to adopt the established rules of construc-

tion, in order to arrive at the intention of the law. The legislature must be presumed to have had in view the usual mode of proceeding against sheriffs, in such cases, at the time of passing the act. Now, we contend, that at the time this act was passed, there was no other mode of proceeding used against sheriffs for their default, in not returning a writ, than the one pursued in this case; and we are, therefore, justified in presuming, that this is the precise sort of recovery by the party aggrieved, contemplated by this statute. The case of *Burk* v. *Campbell*, (15 *Johns. Rep.* 456.) is the first instance to be met with in our Courts, of an action on the case against a sheriff, for neglecting to return a writ; and, although the Court very properly decided, that the plaintiff had also his remedy by action, against the sheriff, yet the very question raised on the demurrer to the plea in that case, shows what was the general understanding on this subject; and that proceeding by rule and attachment was the only one practised. If, then, the proceeding by attachment was the only one in use before that time, against sheriffs, for their default, is it fairly to be presumed, that the legislature had in view another, and unusual mode, rather than the one uniformly adopted?

Again; it is objected, that there has been no recovery by the *party aggrieved;* that the proceeding and recovery on the recognizance is by the *people*, not the plaintiff in the execution. This objection will hardly be countenanced by the Court. Though in the name of the *people*, the recovery is at the instance, and for the benefit only, of the plaintiff, or party aggrieved.

Again; it is said, that the recovery is not against the sheriff for any default or misconduct in his office, but for his neglect to appear according to the condition of his recognizance. But the Court will take the whole replication together, and see the origin of the proceeding, and that the real foundation of the recovery is the default of the sheriff in not returning the execution. If there had been no such default, there would have been no attachment; and if no attachment, no recognizance upon which a recovery

UTICA,  could be had.   The recovery on the recognizance, there-
October, 1820. fore, is for the default of the sheriff in not returning the
THE PEOPLE *fi. fa.*   That neglect of duty lies at the foundation of the
v.
SPRAKER.  judgment.

Again ; it is objected, that by this mode of proceding,
the sheriff may be compelled to pay the whole amount re-
covered on the recognizance, though it exceeds the sum in
the execution, or the damages sustained by the plaintiff.
But the act provides, that the Court shall direct the amount
for which execution is to be issued, so that no more than is
justly due to the plaintiff, will be collected of the sureties
of the sheriff.   Besides, this Court, without any statutory
direction, has always a power over its own process to pre-
vent any injustice or abuse.

There is a further view of the case, deserving of consi-
deration, arising from the nature of the proceeding by at-
tachment.   It is the most expeditious, and most beneficial
mode of proceeding for the sheriff and his sureties.   It is
most favourable to the sheriff, if he is honest, as it gives
him the opportunity of exculpating himself by his own oath ;
and he can never be made liable, unless he has made himself
justly responsible.   It is, in many cases, the only mode of
getting at the truth ; the only safe course for the party ag-
grieved, as the sheriff may be compelled to answer, on in-
terrogatories, as to facts which could not otherwise be
proved ; as, for instance, whether an execution sent by mail
was received by him, and at what time.

There may, perhaps, be some difficulty in fixing the pre-
cise extent to which the statute is to affect, and control the
proceeding on this bond.   Independent of the act, it might
be. sufficient to show merely a breach of the condition of
the bond, by the neglect of the sheriff to return a *fieri fa-
cias* which had been delivered to him.   The condition of
the bond has no reference or allusion to a previous recove-
ry.   The action, it is true, cannot be legally commenced
without a previous recovery by the party aggrieved.   But
is not the commencement of the suit on the bond, *by the
order of the Court*, so far conclusive on this point, as to ren-
der it unnecessary to show a previous recovery ?

*Cady,* in reply. Bail and sureties are favourites of the Court, and, we may say, of the legislature. In regard to them, therefore, the statute is to be strictly construed. The intention of the act was merely to indemnify the party aggrieved. *Marvin,* the plaintiff in the execution, is the only person aggrieved by the alleged default of the sheriff. Has he recovered any judgment against the sheriff for that default? The *people* are not aggrieved or damnified by the sheriff's neglect to return the writ. The judgment which they have recovered is merely for the sheriff's breach of his engagement to them, to appear in this Court to answer to any allegation of misconduct. The plaintiff, *M.,* ought to have brought his action on the case, against the sheriff, for neglecting to return the writ, and had the amount of his damages ascertained. It does not follow, that the plaintiff is always damnified by not having the excution served and returned, to the amount of the debt due to him. It may be, that the defendant was utterly insolvent, and wholly destitute of property. The object of proceeding by rule and attachment, is to compel the sheriff to do his duty in regard to the process of the Court. If the sheriff had regularly returned the *fieri facias,* it does not follow that the plaintiff would have recovered his debt, or any part of it.

SPENCER, Ch. J. delivered the opinion of the Court. The question here depends entirely upon the construction to be given to the 6th section of the statute concerning sheriffs and their duty. (1 *R. L.* 418.) It enacts, " that in case of any recovery, by any party aggrieved against any sheriff, *for any default or misconduct* in his office, it shall be lawful for the justices of the Supreme Court, upon motion in open court, to order the bond so given by such sheriff, to be put in suit against such sheriff or his sureties, or all or any of them." And the statute regulates the manner of levying, so as to satisfy the party aggrieved.

It has been argued by the defendants' counsel, that the judgment set forth in the replication, was not recovered for any default or misconduct of the sheriff, in his office, during the time the defendants were responsible for his conduct;

UTICA,
October, 1820.

THE PEOPLE
v.
SPRAKER.

and that the judgment is not from any default or misconduct in office, but for his non-appearance on the recognizance, for which the defendants are not liable.

These objections are decisive. There has been no direct recovery against *Eisenlord,* the sheriff, for any default or misconduct in his office ; and although the presumption is strongly against him, that he neglected his duty, and became answerable to *Marvin,* for not levying and returning the execution in his favour, yet his default, in that respect, has not been judicially ascertained. *Eisenlord's* default in not appearing on the recognizance, is only, argumentatively, evidence of a default or misconduct in his office. The plain and obvious meaning of the statute is, that the recovery against the sheriff, should be *ex directo,* for his default or misconduct, and where the judgment is grounded upon it. The attachment, and his non-appearance upon it, involve the forfeiture of his recognizance ; but that does not positively show, as a recovery founded directly on the default would, that he had rendered himself liable to *Marvin* for the amount of his debt. The principle which has obtained with regard to sureties, that they are only liable when the case is brought within the very terms and scope of their undertaking, forbids an equitable or enlarged construction of the statute. We are bound, in this case, to give a construction upon that principle ; and as the case is not brought within the words or plain meaning of the act, the defendants must have judgment.

Judgment for the defendants.